IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DENNIS MADDREY,** : | |
| Petitioner, : | |
| : | |
| v. : | Civ. No. 15-487 |
| : | |
| **NANCY GIROUX, et al.,** : | |
| Respondents. : | |
| : | |

# O R D E R

Dennis Maddrey has filed *pro se* objections to Magistrate Judge Timothy R. Rice's Report and Recommendation respecting his Petition for habeas relief. (Doc. Nos. 18, 20); 28 U.S.C. § 2254(d)(1). Petitioner objects to Judge Rice's conclusion that the PCRA court was not unreasonable in rejecting an ineffectiveness claim. (Doc. No. 20); Cullen v. Pinholster, 563 U.S. 170, 181 (2011). Because I agree with Judge Rice, I will overrule the Objections, adopt his recommendations, and deny the Petition.

**I.      BACKGROUND**

On August 28, 2009, the Abington Township Police stopped and detained Petitioner on suspicion of attempted armed robbery. (Doc. No. 18 at 1.) When the victim identified Petitioner, and the police took him into custody and then executed a search warrant on a white van they believed connected to the robbery, they recovered a BB gun, black shirt, glasses, and paperwork bearing Petitioner's name. (Doc. No. 18 at 1.) Petitioner then confessed to the attempted robbery and several prior robberies. (Id.)

Petitioner moved to suppress the victim's identification, the items recovered during the van search, and his confession. (Doc. No. 18 at 2.) He argued that the initial Terry stop and detention violated the Fourth Amendment. Terry v. Ohio, 392 U.S. 1, 21 (1968). After an

evidentiary hearing and oral argument, the Montgomery County Common Pleas Court refused to suppress.  Following a bench trial, on December 17, 2010, Petitioner was convicted of simple assault, theft, robbery, and terroristic threats and sentenced to 20-40 years imprisonment.  (Doc. No. 18 at 2-3.)  On June 29, 2012, the Superior Court affirmed, and on February 14, 2013, the Supreme Court denied *allocatur*.  Petitioner filed a *pro se* PCRA petition, alleging, *inter alia*, that his appellate counsel was ineffective for failing to raise the Terry issue.  On June 27, 2013, the PCRA court denied relief, and on April 29, 2014, the Superior Court affirmed.  On October 7, 2014, the Supreme Court denied *allocatur*.  (Doc. No. 18 at 3-4.)

Acting *pro se*, Maddrey timely filed the instant habeas Petition, alleging that his appellate counsel: 1) should have raised the Terry stop issue; and 2) did not properly argue that the stop violated the Municipal Police Jurisdiction Act.  (Doc. No. 1); 42 Pa. C.S.A. §§ 8951 et seq.  Judge Rice recommends I deny relief as to both claims.  (Doc. No. 18.)  Petitioner objects only to Judge Rice's rejection of the Terry claim.

## II. LEGAL STANDARD

I must review *de novo* those portions of the Report to which timely, specific objections have been filed.  28 U.S.C. § 636(b)(1)(C).  I may "accept, reject, or modify, in whole or in part" the Magistrate's findings or recommendations.  Id.; Brophy v. Halter, 153 F. Supp. 2d 667, 669 (E.D. Pa. 2001).  As to those portions to which no objections have been made, I must "satisfy [myself] that there is no clear error . . . in order to accept the recommendation."  Fed. R. Civ. P. 72(b) Advisory Committee Notes; see Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining the district court's responsibility "to afford some level of review" when no objections have been made).

I may grant habeas relief for claims a state court reviewed on the merits only if the state

court's decision: (1) "was contrary to, or involved an unreasonably application of, clearly established Federal law"; or (2) if the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  18 U.S.C. § 2254(d)(1)-(2).  The "clearly established Federal law" governing Petitioner's ineffectiveness claim is set out in Strickland v. Washington, 466 U.S. 668 (1984).  Accordingly, I must decide pursuant to § 2254(d)(1) whether the PCRA court's application of Strickland was "objectively unreasonable."  Bell v. Cone, 535 U.S. 685, 698-99 (2002); Commonwealth v. Sneed, 899 A.2d 1067 (Pa. 2006).  Petitioner must show that the PCRA court's decision "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."  Harrington v. Richter, 562 U.S. 86, 103 (2011); Pinholster, 131 S. Ct. at 1398 (a state-court decision must "be given the benefit of the doubt").

To make out ineffective assistance of counsel, Petitioner must show: (1) his attorney's representation was unreasonable under prevailing professional norms; and (2) but for that deficiency, there is a reasonable probability that the result of the proceedings would have been different.  Strickland, 466 U.S. at 688.  Review of ineffectiveness claims is "doubly deferential when it is conducted through the lens of [§ 2254] habeas."  Yarborough v. Gentry, 540 U.S. 1, 6 (2003).  If I conclude that counsel's strategy was not unreasonable, I need not address prejudice.  United States v. Lilly, 536 F.3d 190, 196 (3d Cir. 2008).  I must conduct an evidentiary hearing "unless the [§ 2254] motion and files and records of the case show conclusively that [the petitioner] is not entitled to relief."  Id. at 195 (internal quotation marks omitted).

### III.   OBJECTIONS

The PCRA court ruled that Petitioner's appellate counsel was not ineffective because any Terry challenge would have been meritless.  See PCRA Ct. Op. at 6-16; Sneed, 899 A.2d

at 1076 (counsel cannot be ineffective for failing to raise a meritless claim); Real v. Shannon, 600 F.3d 302, 310 (3d Cir. 2010) (same).  Judge Rice concluded that the PCRA court's decision was not unreasonable.  Petitioner objects, arguing that "reasonable jurists could disagree," and simply reiterates the arguments he presented to Judge Rice.  (Doc. No. 20.)

I am unconvinced that the PCRA court's decision was "objectively unreasonable." Cone, 535 U.S. at 698-99 ("[I]t is not enough to convince a federal habeas court that, in its independent judgment, the state-court decision applied Strickland incorrectly.").  Rather, I agree with Judge Rice that the PCRA court reasonably concluded that because the Terry stop and detention were lawful, appellate counsel was not ineffective for failing to raise a meritless claim.  See United States v. Ubiles, 224 F.3d 213, 217 (3d Cir. 2000) ("An officer may, consistent with the Fourth Amendment, conduct a brief, investigatory stop when the officer has a reasonable, articulable suspicion that criminal activity is afoot.") (citing Terry, 392 U.S. at 21).

The PCRA court determined the Terry stop was lawful because it was reasonably based on the following facts known to the police: 1) a series of robberies had recently occurred in similar apartment complexes in the area; 2) the night before the attempted robbery, a police sergeant viewed a white van in the area; 3) the victim saw the white van in the parking lot before the robbery; 4) Petitioner was the only person near the van; and 5) Petitioner resembled the man whom the sergeant had seen driving the white van two days before the incident.  See PCRA Ct. Op. at 6-16 (citing Tr. Ct. Op. at 3-14).  In these circumstances, the PCRA court's ruling that police had sufficient grounds for a Terry stop was not unreasonable.  See Ubiles, 224 F.3d at 217.  I agree with Judge Rice's determination that appellate counsel's "failure" to raise a meritless Terry claim was not ineffective.  Accordingly, I will overrule Petitioner's Objections.

## IV. CONCLUSION

**AND NOW**, this 17th day of March, 2016, upon consideration of the pleadings and record herein, and after careful review of Judge Rice's Report and Recommendation (Doc. No. 18) and all related filings, it is hereby **ORDERED** that:

1. Petitioner's Objections to the Report and Recommendation (Doc. No. 20) are **OVERRULED**;

2. Judge Rice's Report and Recommendation (Doc. No. 18) is **APPROVED** and **ADOPTED**;

3. There are no grounds to issue a certificate of appealability; and

4. The Clerk of Court shall **CLOSE** this case.

**AND IT IS SO ORDERED.**

*/s/ Paul S. Diamond*

_____
Paul S. Diamond, J.